JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Marquet Parsons, 7907 Lindburgh Boulevard, Phila., PA 19153

## DEFENDANTS

City of Philadelphia, Sheriff's Office, C/O Law Dept. 1515 Arch Street, Philadelphia, PA 19102

**(b)** County of Residence of First Listed Plaintiff   **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Law Offices of Willam J. Fox, P.C. (215) 546-2477
100 N. 20th Street, Ste. 303, Phila., PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of Agency Decision |
| | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of 1964 Civil Rights Act; ADEA
Brief description of cause:
Discrimination/Retaliation in workplace

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
6-10-25

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA _____

---

***RELATED CASE IF ANY:*** Case Number: _____20-CV-5575_____ Judge: Gene E. K. Pratter _____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☑

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☑ is / ☐ is **not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☒ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases     .
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
      _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Marquet Parsons | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| City of Philadelphia Sheriff's Office | : | NO. |
| C/O City Law Department | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                                             ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                                         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (x)

| | | |
|---|---|---|
| 6-10-2025 | William J. Fox, Esq. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 546-2477 | | wjf@billfoxlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARQUET PARSONS** | : |
| **7907 Lindbergh Boulevard** | |
| **Philadelphia, PA 19153** | : |
| | |
| **Plaintiff** | : |
| | |
| **v.** | : |
| | |
| **CITY OF PHILADELPHIA** | : |
| **SHERIFF'S OFFICE** | |
| **C/O CITY LAW DEPARTMENT** | : |
| **1515 Arch Street** | |
| **Philadelphia, PA 19102** | : |
| | |
| **Defendant** | : |

## COMPLAINT

1. This Court has jurisdiction over this matter under Title VII of the 1964 Civil Rights Act, et seq.; and, the Age Discrimination in Employment Act giving rise to Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and Civil Rights Jurisdiction pursuant to 28 U.S.C. § 1347.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims made herein pursuant to 28 U.S.C. § 1367, as the claim is so related to claims in the action within such original jurisdiction of this Court that they form part of the same case or controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the parties reside in this district, regularly conduct business in this district and the incidents in controversy occurred in this district.

1

## PARTIES

4.  Plaintiff, Marquet Parsons, is 56 years of age.   Plaintiff resides at the above-captioned
address.

5.  Defendant, City of Philadelphia Sheriff's Office, maintains offices at 100 S. Broad
Street, Philadelphia, PA 19110, C/O City Solicitor at the above-captioned address.

## FACTS

6.  Plaintiff has been employed by Defendant since 1994.

7.  In or around May of 2019, Plaintiff filed a charge of discrimination alleging retaliation
and hostile work environment against the City of Philadelphia Sheriff's Office, then Sheriff,
Jewell Williams and Deputy Chief, Paris Washington.  This action was protected activity.

8.  In 2019, Rochelle Bilal was elected as Sheriff and is presently the Sheriff of
Philadelphia.

9.  In January of 2020, Plaintiff engaged in protected activity when he signed an affidavit
that supported the claims of discrimination made by his coworkers, Richard Verrecchio and
Angelina Brown.

10.  In November of 2020, Plaintiff engaged in protected activity when he filed a
complaint of retaliation and hostile work environment in the United States District Court For The
Eastern District.  This matter was resolved in or around June of 2021.

11.  In 2020, Plaintff informed Sheriff Bilal that he had pending claims of retaliation
discrimination and harassment.

2

12. In February of 2020, Plaintiff was promoted from the position of Captain to the position of Deputy Chief.

13. In February of 2020, Plaintiff disciplined Sheriff Bilal's male Chief of Staff for sexually harassing the female Human Resources Director, Anitra Paris.

14. Following this incident, Plaintiff's relationship with Sheriff Bilal became strained and he was removed from an investigation regarding missing weapons from the Sheriff's Armory.

15. After being promoted to Deputy Chief, Sheriff Bilal notified Plaintiff that she would work to secure Plaintiff a substantial increase in pay.

16. At all times relevant, Plaintiff performed his duties at or above expectations.

17. In August of 2020, Sheriff Bilal falsely accused Plaintiff of engaging in sexual relations with Undersheriff Sommer Miller and Human Resources Manager, Anitra Paris. These actions were retaliatory.

18. Since 2020 through the present, Plaintiff has been subjected to retaliation based on prior protected activity and discrimination and harassment based upon his age. The incidents of discrimination and harassment include, but are not limited to, the following:

   a. Subjecting Plaintiff to unfair scrutiny and ridiculing Plaintiff in front of his peers and subordinates on multiple occasions;

   b. Excluding and alienating Plaintiff from meetings and from key decision-making matters;

   c. In order to secure a raise in salary, Sheriff Bilal tried to persuade Plaintiff to give up his civil service status for the purposes of making Plaintiff an at will employee which

3

would have caused Plaintiff to lose any civil service and union protection;

     d. After falsely accusing Plaintiff of having sexual relations with the Undersheriff, Sheriff Bilal transferred Plaintiff from his position of Deputy Chief of Internal Affairs, which he had successfully handled, and replaced Plaintiff with a younger employee;

     e. After the transfer, Plaintiff was assigned to a newly created position as Deputy Chief of the Policy and Procedure Unit without any support or assistance. Subsequently, Sheriff Bilal assigned Deputy Chief Angelinel Brown and Plainiff to share the same office while substantially younger subordinates were not required to share offices with other peers;

     f. Failing to increase Plaintiff's salary after promoting him from Captain to Deputy Chief;

     i. Wrongfully issuing a statement of charges against Plaintiff regarding a matter that had occurred more than a year earlier.

19. During the time that Plaintiff held the position of Deputy Chief, Sheriff Bilal denied Plaintiff the opportunity to earn overtime.

20. On August 7, 2023, for no legitimate reason and no articulated reason, Sheriff Bilal demoted Plaintiff from his appointed position as Deputy Chief to the rank of Captain.

21. During the time that Plaintiff held the position of Deputy Chief, Sheriff Bilal gave preferential treatment to Plaintiff's peers who were substantially younger than he with regard to the terms and conditions of his employment.

22. Respondent's aforesaid actions violate Title VII of the 1964 Civil Rights Act, the ADEA and PHRA.

4

23. Defendant's aforesaid actions constitute age discrimination and retaliation.

24. Defendant's aforesaid actions violate Title VII, the ADEA and PHRA.

25. Any reasons that Defendant alleges for the aforesaid adverse actions, which include demotion, are false and a pretext.

26. The real reasons that Plaintiff suffered adverse action with regard to the terms and conditions of his employment was because of his age and the fact that he engaged in multiple incidents of protected activity.

27. Defendant's adverse actions against Plaintiff regarding the terms and conditions of his employment constitutes retaliation in violation of Title VII and PHRA.

## Count I - Title VII

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as though same were fully set forth at length herein.

29. Plaintiff has exhausted his administrative remedies and received a right to sue letter from the EEOC.

30. Defendant retaliated against Plaintiff because he engaged in protected conduct.

31. Defendant's aforesaid adverse actions against Plaintiff regarding the terms and conditions of his employment was retaliatory because Plaintiff had previously engaged in multiple incidents of protected conduct against Defendant.

32. Any non-discriminatory and/or non-retaliatory reasons offered by Defendant for their aforesaid actions are false and constitute a pretext.

5

33. Defendant's aforesaid retaliatory actions against Plaintiff violate Title VII of the 1964 Civil Rights Act, *et. seq.*

34. As a result of Defendant's aforesaid conduct, Plaintiff has suffered lost wages and benefits, humiliation, mental anguish, emotional distress, associated stress, pain and suffering and other injuries.

35. Plaintiff seek all damages allowable under Title VII, including back pay, front pay, compensatory damages, punitive damages, counsel fees and costs of suit.

### Count II - ADEA

36. Plaintiff hereby incorporates by reference paragraphs 1 through 35 of this Complaint as though same were fully set forth at length herein.

37. At all times relevant, Plaintiff was well qualified for his position, including the positions that he applied for.

38. Plaintiff has exhausted his administrative remedies and received a right to sue letter from the EEOC.

39. Defendant has discriminated against Plaintiff because of his age (56 years old) in violation of the ADEA.

40. Defendant's aforesaid adverse actions, including the demotion of Plaintiff, violated the ADEA because it was based on Plaintiff's age.

41. Any non-discriminatory and/or nonretaliatory reasons offered by Defendant for their aforesaid actions are false and constitute a pretext.

42. Defendant's aforesaid discriminatory and retaliatory actions against Plaintiff were willful and constitute age discrimination and retaliation in violation of the ADEA.

43. As a result of Defendant's aforesaid conduct, Plaintiff has suffered lost wages and

.

benefits.

44. Plaintiff seeks all damages allowable under ADEA, including back pay, front pay, liquidated damages, counsel fees and costs of suit.

### COUNT III - State Law Claims

45. Plaintiff incorporates by reference paragraphs 1 through 44 of this Complaint as though same were fully set forth at length herein.

46. The conduct of Defendant as alleged in the foregoing claims for relief constitutes discrimination and retaliation in violation of the Pennsylvania Human Relations Act and other State and Local laws and ordinances.

47. Defendant has at all times material to the foregoing claims acted willfully and with malice toward Plaintiff. Defendant knew, or reasonably should have known, that the aforementioned conduct was a violation of its handbook, policies and work rules and the laws of Pennsylvania and the United States. Defendant took no action to cease its wrongful conduct, and, in fact, committed further acts designed to cover the patent discrimination against Plaintiff because of his age and because he had engaged in protected activity on multiple occasions.

### JURY DEMAND

Plaintiff demands a trial before twelve jurors.

**WHEREFORE,** Plaintiff, Marquet Parsons, demands judgment in his favor and against Defendant and seeks relief as follows:

A)     Awarding compensatory damages;

B)     Awarding interest calculated at the prevailing rate;

7

C)   Awarding equivalent pay, back pay, front pay, liquidated damages, loss of fringe

benefits and all other relief allowed under the law;

D)   Awarding reasonable attorney's fees, expert witness fees and other costs of the

action; and

E)   Granting such other relief as the Court deems just and appropriate.

WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 546-2477
Attorney for Plaintiff

Date: June 10, 2025

8