IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARQUET PARSONS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 25-2963 |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| | : | |
| Defendant. | : | |

# DEFENDANT'S ANSWER

Defendant the City of Philadelphia, by and through its undersigned counsel, hereby answers the Complaint as follows:

1. Defendant admits that the Court has jurisdiction over this matter.

2. Admitted.

3. Admitted.

## AS TO THE PARTIES

4. Admitted, based on information and belief.

5. Denied as stated. The City of Philadelphia is a political subdivision of the Commonwealth of Pennsylvania, duly organized and existing under the laws of the Commonwealth with business offices for the purposes of this litigation only, located at 1515 Arch Street, One Parkway Building, 16th Floor, Philadelphia, PA 19102-1595.

## AS TO THE FACTS

6. Admitted.

7. It is admitted that Plaintiff filed an allegation of discrimination and retaliation with the Equal Employment Opportunity Commission on May 20, 2019, EEOC Charge No.

530-2019-03822. The remaining allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

8. Admitted. By way of further answer, Sheriff Rochelle Bilal was elected in November 2019 and sworn in on January 6, 2020.

9. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

10. It is admitted that, on November 6, 2020, Plaintiff filed a complaint in the United States District Court for the Eastern District of Pennsylvania alleging violations of Title VII of the Civil Rights Act of 1964. (*Parsons v. City of Philadelphia*, Civ No. 20-5575). It is further admitted that the parties amicable resolved this matter. The remaining allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

11. Denied, based on information and belief.

12. Denied.

13. Denied.

14. Denied, based on information and belief.

15. Denied.

16. Denied, based on information and belief.

17. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

18. Defendant specifically denies that it discriminated against or harassed Plaintiff.

    a. Denied.

      b. Denied.

      c. Denied.

      d. Denied.

      e. Denied.

      f. Denied.

      i. Denied.

19. Denied, based on information and belief.

20. Denied.

21. Denied.

22. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

23. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

24. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

25. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

26. Denied.

27. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

## AS TO COUNT I – TITLE VII

28. Defendant incorporates by reference its answers to the preceding paragraphs, inclusive, as though fully set forth herein.

29. Admitted.

30. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

31. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

32. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

33. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

34. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

35. Defendant denies that Plaintiff is entitled to any relief.

## AS TO COUNT II – ADEA

36. Defendant incorporates by reference its answers to the preceding paragraphs, inclusive, as though fully set forth herein.

37. Denied, based on information and belief.

38. Admitted.

39. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

40. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

41. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

42. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

43. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, all allegations are denied.

44. Defendant denies that Plaintiff is entitled to any relief.

## AS TO COUNT III – State Law Claims

45. Defendant incorporates by reference its answers to the preceding paragraphs, inclusive, as though fully set forth herein.

46. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

47. Denied.

## AS TO THE JURY DEMAND

Defendant does not object to Plaintiff's jury trial demand.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts all the defenses, immunities, and limitations of damages available under the Political Subdivision Tort Claims Act and avers that Plaintiff's remedies are limited exclusively thereto. 42 Pa. C.S. § 8541, *et seq*.

6

**WHEREFORE**, Defendant denies that it is liable upon the causes of action declared upon and demands judgment in its favor plus interest and costs.

Respectfully submitted,

DATE: August 11, 2025

*/s/ Ryan Mulgrew*
RYAN MULGREW
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102-5397